## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTHONY HOEPF,                                    Case No. 1:05cv527
    Plaintiff

      vs

LT. LEWIS, et al.,                               **ORDER**
    Defendants                               (Watson, J.)


      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. Defendants are SOCF Lt. Lewis, SOCF corrections officer Joseph Young, and SOCF Warden James Haviland. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Dockets.Justia.com

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff alleges that defendant Young issued plaintiff a false conduct report charging him with assault.  Plaintiff appeared before the Rules Infraction Board (RIB) which was chaired by defendant Lewis and was found guilty.  Plaintiff was sentenced to Disciplinary Control for an unspecified length of time.  Defendant Haviland upheld the RIB's finding on appeal.  However, Ohio Department of Rehabilitation and Correction Director Wilkinson reversed the guilty finding on appeal.  Plaintiff alleges he was denied the right to call witnesses in his defense. Plaintiff also alleges there was insufficient evidence to support the RIB's guilty finding. Plaintiff seeks monetary relief.

Plaintiff's complaint, liberally construed, alleges a denial of due process in connection with his disciplinary proceeding.  To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process.  *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999), *cert. denied*, 120 S.Ct. 1423 (2000).  The United States Supreme Court has abandoned the analysis which scrutinizes state regulations which are claimed to give rise to an asserted liberty interest in favor of an examination of the nature of the deprivation itself.  *See Sandin v. Conner*, 515 U.S. 472, 481 (1995).  Under the Supreme Court's analysis in *Sandin*, the seriousness of the deprivation suffered guides the recognition of state-created liberty interests.

A prisoner can claim a protected liberty interest under two instances. First, where the actions of prison officials have the effect of altering the term of an inmate's imprisonment, the Due Process Clause is implicated. *Sandin*, 515 U.S. at 487. "[U]nder *Sandin* a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence. . . ." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). Second, a liberty interest may be found where the restraints imposed by the state amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. In *Sandin*, the Supreme Court held that a 30-day period of confinement in disciplinary segregation for 23 hours and 10 minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" for an inmate serving an indeterminate sentence of 30 years to life. 515 U.S. at 486. *See also Jones*, 155 F.3d at 812; *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997), *cert. denied*, 118 S.Ct. 136 (1997); *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995). Thus, inmates have no liberty interest in remaining free from disciplinary or administrative segregation where the State's action does not inevitably affect the duration of an inmate's sentence or where the segregation does not impose an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." 512 U.S. at 483.

In the instant case, plaintiff claims he was denied due process in connection with his disciplinary hearing. However, plaintiff does not allege facts showing that his confinement in Disciplinary Control resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Nor does plaintiff's confinement in disciplinary segregation amount to an atypical and significant hardship. *Sandin*, 515 U.S. at 486;

*Smith v. Corrections Corp. of America*, 5 Fed. Appx. 443, 444, 2001 W.L. 223873, **1 (6th Cir. 2001)(thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998)(administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997)(administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, 187 F.3d 635 (6th Cir. 1999)(unpublished), 1999 W.L. 623708 (30 days in Security Control, 14 days in  Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*).  Therefore, plaintiff lacks a liberty interest sufficient to implicate the Due Process Clause.  Because plaintiff does not have a protected liberty interest in remaining free from Disciplinary Control, his complaint fails to state a due process claim.  Accordingly, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date:   8/9/2005            s/Michael H. Watson
                            Michael H. Watson
                            United States District Judge